1              SVK

2

3

4

5

6              **IN THE UNITED STATES DISTRICT COURT**

7              **FOR THE DISTRICT OF ARIZONA**

8

Jonathan Lightsey,                    )    No. CV 07-0444-PHX-ROS (JM)
9                                      )
         Plaintiff,                    )    **ORDER**
10                                     )
vs.                                    )
11                                     )
                                       )
12   Timothy Peltier, et al.           )
                                       )
13        Defendants,                  )
                                       )
14   _____  )

15

16        Plaintiff Jonathan Lightsey filed this civil rights action under 42 U.S.C. § 1983 against

Phoenix Police officers Timothy Peltier and John Doe. (Doc. #1). Doe has not been served.
17
Peltier filed a motion for summary judgment. (Doc. #14.)  The Court issued a Notice
18
pursuant to Rand v. Roland, 154 F.3d 952, 962 (9th Cir. 1998) (*en banc*).  (Doc. #16.)
19
Plaintiff did not respond to the motion.
20
        Magistrate Judge Marshall's Report and Recommendation addressing Defendant's
21
motion is before the Court. (Doc. #17).  The Report and Recommendation recommends
22
granting the motion and dismissing the action.  (Id.).  Neither party has filed objections; thus,
23
the Court is not obligated to review the Report and Recommendation.  See U.S. v. Reyna-
24
Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*); Fed. R. Civ. P. 72(b)(3) ("[t]he district
25
judge must determine de novo any part of the magistrate judge's disposition that has been
26
properly objected to").  Even so, the Court has reviewed Judge Marshall's Report and
27

**JDDL**   28

1   Recommendation and incorporates and adopts it with the modifications indicated below.

2   The Local Rules of Practice of this Court provide in pertinent part that: "if the

3   unrepresented party or counsel does not serve and file the required answering memoranda

4   [to a pending motion], . . . such non-compliance may be deemed a consent to the . . . granting

5   of the motion and the Court may dispose of the motion summarily." L.R.Civ. 7.2(i), Rules

6   of Practice of the U.S. District Court for the District of Arizona. The decision whether to

7   enter summary judgment pursuant to a local rule such as L.R.Civ. 7.2(i) is within the district

8   court's discretion. Henry v. Gill Indus., 983 F.2d 943, 950 (9th Cir. 1993) (discussing

9   predecessor to L.R.Civ. 7.2(i)). In the Ninth Circuit, the district court abuses its discretion

10   when it grants a motion for summary judgment pursuant to a local rule such as L.R.Civ.

11   7.2(i) where the movant's papers are insufficient to support the motion or on their face reveal

12   a genuine issue of material fact. Id.; Martinez v. Stanford, 323 F.3d 1178, 1182-1183 (9th

13   Cir. 2003). Accordingly, the Ninth Circuit requires review of the sufficiency of Defendant's

14   Motion for Summary Judgment.

15   A court must grant summary judgment if the pleadings and supporting documents,

16   viewed in the light most favorable to the non-moving party, "show that there is no genuine

17   issue as to any material fact and that the moving party is entitled to judgment as a matter of

18   law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

19   Under summary judgment practice, the moving party bears the initial responsibility of

20   presenting the basis for its motion and identifying those portions of the record, together with

21   affidavits, which it believes demonstrate the absence of a genuine issue of material fact.

22   Celotex, 477 U.S. at 323.

23   If the moving party meets its initial responsibility, the burden then shifts to the

24   opposing party who must demonstrate the existence of a factual dispute and that the fact in

25   contention is material, i.e., a fact that might affect the outcome of the suit under the

26   governing law, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986), and that the

27   dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for

**JDDL**   28

1    the non-moving party.  Id. at 250; see Triton Energy Corp. v. Square D. Co., 68 F.3d 1216,

2    1221 (9th Cir. 1995).  Rule 56(e) compels the non-moving party to "set forth specific facts

3    showing that there is a genuine issue for trial" and not to "rest upon the mere allegations or

4    denials of [the party's] pleading."  Fed. R. Civ. P. 56(e); Matsushita Elec. Indus. Co., Ltd.

5    v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).  The opposing party need not establish

6    a material issue of fact conclusively in its favor; it is sufficient that "the claimed factual

7    dispute be shown to require a jury or judge to resolve the parties' differing versions of the

8    truth at trial."  First Nat'l Bank of Arizona v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968).

9    However, Rule 56(c) mandates the entry of summary judgment against a party who, after

10   adequate time for discovery, fails to make a showing sufficient to establish the existence of

11   an element essential to that party's case and on which the party will bear the burden of proof

12   at trial.  Celotex, 477 U.S. at 322-23.

13        When considering a summary judgment motion, the court examines the pleadings,

14   depositions, answers to interrogatories, and admissions on file, together with the affidavits,

15   if any.  Fed. R. Civ. P. 56(c).  At summary judgment, the judge's function is not to weigh the

16   evidence and determine the truth but to determine whether there is a genuine issue for trial.

17   Anderson, 477 U.S. at 249.  The evidence of the non-movant is "to be believed, and all

18   justifiable inferences are to be drawn in his favor."  Id. at 255.  But, if the evidence of the

19   non-moving party is merely colorable or is not significantly probative, summary judgment

20   may be granted.  Id. at 249-50.

21        "Under Rule 56(c), summary judgment is proper 'if the pleadings, depositions,

22   answers to interrogatories, and admissions on file, together with the affidavits, if any, show

23   that there is no genuine issue as to any material fact and that the moving party is entitled to

24   a judgment as a matter of law.'"  Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

25   "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an

26   otherwise properly supported  motion for summary judgment; the requirement is that there

27   be no *genuine* issue of *material* fact."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-

**JDDL**   28

1    48 (1986).

2    In his Complaint, Plaintiff alleged that Defendants, Phoenix Police officers, violated

3    his constitutional rights by using excessive force during Plaintiff's arrest.  Plaintiff alleged

4    that Defendants released their K-9 dog after Plaintiff was detained and handcuffed and that

5    the dog bit Plaintiff and dragged him across the floor.  Plaintiff admitted to hiding in a sofa

6    bed and becoming entangled inside it at the time of his arrest.  (Doc. #1.)

7    In support of his motion for summary judgment, Peltier submitted his affidavit.  (Doc.

8    #15, Defendant's Statement of Facts (DSOF), Ex. A, Peltier Aff.)  Peltier attested that on

9    October 19, 2005, he went to an apartment complex to apprehend Plaintiff, who was wanted

10   on several felony warrants.  (DSOF ¶ 1; Petltier Aff.¶ 1.)   Upon arriving at the apartment,

11   he waited for the K-9 unit to locate the suspect; the K-9 unit indicated that an individual was

12   hiding inside a sofa bed.  (DSOF ¶¶ 3,5; Peltier Aff. ¶¶ 3-5.)  Peltier attested that his only

13   physical contact with Plaintiff was to assist the other officers to handcuff Plaintiff.  (DSOF

14   ¶ 5; Peltier Aff. ¶ 6.)  Peltier further attested that he was not in charge of the K-9 unit.

15   (DSOF ¶ 6; Peltier Aff. ¶ 7.)

16   Plaintiff did not respond the motion for summary judgment.  Because a verified

17   complaint may be used as an affidavit opposing summary judgment if it is based on personal

18   knowledge and sets forth specific facts admissible in evidence, the Court will consider the

19   allegations set forth in Plaintiff's Complaint. Schroeder v. McDonald, 55 F.3d 454, 460 (9th

20   Cir. 1995).  In his Complaint, Plaintiff alleged that "defendants released the K-9 dog on

21   Plaintiff's right ankle and shin. . . ."  (Doc. #1 at 6.)  Plaintiff also alleged that after he was

22   removed from inside the sofa and he was handcuffed, "defendants permitted the K-9 dog to

23   continue biting Plaintiff's right ankle area and dragging him across the living room floor."

24   (Id.)

25   Plaintiff's allegations are insufficient to demonstrate a genuine issue of material fact.

26   Plaintiff does not dispute Defendant's assertion that he was not in charge of the police dog

27   or the implication that, as an officer not in charge of the dog, Defendant was not in a position

JDDL   28

1   to protect Plaintiff against a dog bite.  See United States v. Reese, 2 F.3d 870, 888 (9th Cir.

2   1993). The Court will grant summary judgment as to Peltier.

3         The Court notes that the motion for summary judgment was made on behalf of Peltier

4   and Doe has not yet been served.  "If service of the summons and complaint is not made

5   upon a defendant within 120 days after filing of the complaint, the court, upon motion or on

6   its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to

7   that defendant." Fed. R. Civ. P 4(m).  Plaintiff has 30 days from the date of this order to

8   either serve John Doe or show cause why this action should not be dismissed for failure to

9   serve him.

10  **IT IS ORDERED:**

11        (1)   The Report and Recommendation of Magistrate Judge Marshall (Doc. #17) is

12  **adopted** to the extent that Peltier's motion for summary judgment (Doc. #14) is **granted**.

13        (2)   Within 30 days from the date of this Order, Plaintiff must either serve John Doe

14  with the Complaint or show cause why John Doe should not be dismissed without prejudice.

15        (3)   If, within 30 days of the date of this Order, Plaintiff fails to serve John Doe or

16  show cause why he should not be dismissed, the Clerk of Court must, without further notice,

17  enter a judgment of dismissal of this action without prejudice.

18        DATED this 1st day of May, 2008.

19

20

21  _____
    Roslyn O. Silver

22  United States District Judge

23

24

25

26

27

**JDDL**   28